UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**ROGER DALE WARD,**

      **Petitioner,**

                                Case No. 1:04-CV-364
v.                                Hon. Wendell A. Miles

**KENNETH MCKEE,**

      **Respondent.**

_____/

### REPORT AND RECOMMENDATION

Petitioner, a prisoner currently incarcerated at a Michigan correctional facility, has filed a petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254.

**I.    Background**

The Michigan Court of Appeals summarized the facts of this case as follows:

> Defendant was charged with the killing of Kenneth Marlin. The prosecution's theory of the case was that defendant, in the early morning of April 9, 2000, robbed the victim, ordered him into the trunk of his own car, and drove off with him. Later, in an attempt to conceal what he had done, defendant, with help from an accomplice, Melissa Gray, drove the car to Plym Park, a nearby golf course, and set the car on fire, resulting in the victim's death. Gray entered into a plea agreement with the prosecution and testified against defendant.

*People v. Ward*, No. 232657 (Mich. App. Oct. 11, 2002), slip op. at 1 (footnote omitted).

The jury convicted petitioner of premeditated first-degree murder, M.C.L. § 750.316(1)(a), and felony murder, M.C.L. § 750.316(1)(b). Defendant was sentenced to life in prison as a fourth habitual offender, M.C.L. § 769.12.

Petitioner raised the following issues to the Michigan Court of Appeals:

> I. Was [petitioner] denied his state and federal constitutional due process right to a fair trial, where the trial court's comments regarding Ms. Gray's plea deal with the prosecution in exchange for "truthful testimony," unfairly bolstered her credibility and suggested to the jury that the trial court had "special knowledge"?
>
> II. Because the issue of credibility was "closely drawn," did the court commit reversible error by failing to sua sponte give a cautionary instruction on the unreliability of accomplice testimony with regard to Dennis Davis, in violation of [petitioner's] right to a properly instructed jury?
>
> III. Was [petitioner] denied the effective assistance of counsel, where counsel failed to request a cautionary instruction on the unreliability of accomplice testimony with respect to the testimony of Dennis Davis?
>
> IV. Is [petitioner] entitled to resentencing where the sentencing judge erroneously relied on multiple prior convictions arising from a single transaction to habitualize [petitioner] as a fourth habitual offender contrary to *People v. Stoudemire* [429 Mich. 262 (1987)]?
>
> V. Does the constitutional protection against double jeopardy involving multiple punishment for the same offense require the court to modify the judgment of sentence to specify a single count for first-degree murder, habitual offender, supported by two theories (premeditated and felony murder)?

*See* docket no. 22.

Petitioner also submitted a separate pro se issue to the court:

> VI. Was [petitioner] denied his state and federal constitutional rights of due process and was his right to a fair trial violated when the prosecutor introduced inflammatory photographs of the homicide victim and the trial court improperly admitted them into evidence?

*See* docket nos. 22-23.[1]

The Michigan Court of Appeals affirmed petitioner's convictions, but remanded the matter to the trial court "for entry of an amended judgment of sentence indicating a single conviction

---

[1] The transcript of proceedings from the Michigan Court of Appeals does not include this pro se brief. However, the court refers to this issue in its opinion and petitioner's counsel submitted a copy of the brief to the Michigan Supreme Court as part of the delayed application for leave to appeal.

and sentence for first-degree murder, supported by the alternative theories of premeditation and felony murder." *People v. Ward*, No. 232657.

The record reflects that the trial court entered the amended judgment of sentence on December 23, 2002. *See* docket no. 13.

Petitioner, through his counsel, raised the following issues in a delayed application for leave to appeal to the Michigan Supreme Court:

I. Was [petitioner] denied his state and federal constitutional due process right to a fair trial, where the trial court's comments regarding Ms. Gray's plea deal with the prosecution in exchange for "truthful testimony," unfairly bolstered her credibility and suggested to the jury that the trial court had "special knowledge"?

II. Because the issue of credibility was "closely drawn," did the court commit reversible error by failing to sua sponte give a cautionary instruction on the unreliability of accomplice testimony with regard to Dennis Davis, in violation of [petitioner's] right to a properly instructed jury?

III. Was [petitioner] denied the effective assistance of counsel, where counsel failed to request a cautionary instruction on the unreliability of accomplice testimony with respect to the testimony of Dennis Davis?

IV. Was [petitioner] denied his state and federal constitutional rights of due process and was his right to a fair trial violated when the prosecutor introduced inflammatory photographs of the homicide victim and the trial court improperly admitted them into evidence?

*Id.* The Michigan Supreme Court denied the application. *People v. Ward*, No. 122813 (Mich. June 19, 2003).

Petitioner filed a *pro se* petition for writ of habeas corpus, based upon the following grounds:

I. [Petitioner] was denied his state and federal constitutional due process right to a fair trial, where the trial court's comments regarding Ms. Gray's plea deal with the prosecution in exchange for "truthful testimony," unfairly

        bolstered her credibility and suggested to the jury that the trial court had "special knowledge."

II.      Because the issue of credibility was "closely drawn," the court committed reversible error by failing to sua sponte give a cautionary instruction on the unreliability of accomplice testimony with regard to Dennis Davis, in violation of [petitioner's] right to a properly instructed jury.

III.     [Petitioner] denied the effective assistance of counsel, where counsel failed to request a cautionary instruction on the unreliability of accomplice testimony with respect to the testimony of Dennis Davis.

IV.     [Petitioner] was denied his state and federal constitutional rights of due process and was his right to a fair trial violated when the prosecutor introduced inflammatory photographs of the homicide victim and the trial court improperly admitted them into evidence.

## II.    Standard of Review under 28 U.S.C. § 2254

Petitioner seeks relief under 28 U.S.C. §2254 which provides that a federal district judge "shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." Where the state court has adjudicated a claim on its merits, the federal district court's habeas corpus review is limited by the Antiterrorism and Effective Death Penalty Act of 1996, which provides in pertinent part that:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication–
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

A state court's decision is "contrary to" clearly established Federal law if the state court arrived at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decided the case differently than a Supreme Court decision based upon a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405 (2000); *Lopez v. Wilson*, 426 F.3d 339, 342 (6th Cir. 2005) (*rehearing en banc*). An unreasonable application of clearly established Federal law occurs "when the state court identified the correct legal principle from the Supreme Court but unreasonably applied the principle to the facts of the case before it." *Lopez*, 426 F.3d at 342.

A determination of a factual issue by a state court is presumed to be correct. 28 U.S.C. § 2254(e)(1). A habeas petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence that the state court's determination was erroneous. *Magana v. Hofbauer*, 263 F.3d 542, 546-47 (6th Cir. 2001).

### III.   Exhaustion

Before a state prisoner may seek habeas relief in federal court, he must first fairly present the substance of his federal claims to all available state courts, thereby exhausting all state remedies. *Picard v. Connor*, 404 U.S. 270 (1971); *Clemmons v. Sowders,* 34 F.3d 352, 354 (6th Cir. 1994); *Rust v. Zent,* 17 F.3d 155, 160 (6th Cir. 1994). In the present case, petitioner has exhausted all of his habeas claims in the state courts.

### IV.     Discussion

### A.     Trial court's comments regarding Ms. Gray's plea deal (Issue I)

The record reflects that Ms. Gray pled guilty to second-degree murder, M.C.L. § 750.317, for her role in the crime. *People v. Ward*, No. 232657, slip op. at 1. On cross-examination, petitioner's counsel questioned Ms. Gray about the terms of her plea agreement. Trial Trans. II at 504. Petitioner's counsel characterized the agreement as including a recommendation for a 13 1/2 year sentence and that "in exchange for your plea, the prosecutor's agreeing to recommend a sentence at the minimum end of the guidelines." *Id.* at 504-5. The prosecutor objected to these characterizations. *Id.* The trial judge then provided the jury with the following explanation:

> I can tell the jury what my -- my understanding and what I told Miss Gray that the minimum sentence that she would receive based upon a plea of guilty to Second Degree Murder and they -- the guidelines -- what -- what the guidelines mean is that it's a recommendation based upon a number of factors -- the prior record, the seriousness of -- seriousness of the crime. The -- the recommended minimum sentence would be 13-and-a-half years. The maximum sentence would be any number of years -- much higher than that. But the minimum sentence would be 13-and-a-half years. And I told Miss Gray, and she understood that that -- unless there were some other information that I had that I didn't have at the time she entered her plea of guilty, that I would sentence her to a minimum of 13-and-a-half years. That is what my -- that is what I recall, and that's what I'm going to do unless -- but she had to testify truthfully. That was also part of the agreement.

*Id.* at 505-6. Petitioner's counsel then elicited testimony from Ms. Gray that her trial testimony was influenced by her plea bargain. *Id.* at 506.

Petitioner contends that he was denied due process when the trial court unfairly bolstered the credibility of Ms. Gray. The Michigan Court of Appeals addressed this issue as follows:

> Defendant's first issue on appeal relates to the trial court's statement that Gray's plea agreement was made in exchange for her truthful testimony. Defendant contends that the statement served to bolster Gray's testimony. We disagree. Because

> defendant did not object to the statement at trial, this issue is forfeited unless plain error is established. *See People v. Carines*, 460 Mich. 750, 762-763; 597 NW2d 130 (1999).
>
> In *People v. Bahoda*, 448 Mich. 261, 276; 531 NW2d 659 (1995), the Michigan Supreme Court held that:
>
>> reference to a plea agreement containing a promise of truthfulness is in itself [not] grounds for reversal. A more accurate statement of the law appears to be that, although such agreements should be admitted with great caution, admissibility of such an agreement is not necessarily error unless it is used by the prosecution to suggest that the government had some special knowledge, not known to the jury, that the witness was testifying truthfully. [Citation omitted.]
>
> Here, there was no mention by the prosecutor about Gray's plea agreement during closing arguments; nor was there any further mention by the trial court. As plaintiff argued, there was no way for the jury to know whether the trial court believed or disbelieved Gray-it was just as possible that the court did not believe her. The trial court's statement represented that it would sentence Gray after her testimony, and the sentence would reflect whether it believed she was telling the truth. In this regard, the trial court was expressing that it had not yet formed any opinion as to whether Gray's testimony was truthful. Consequently, defendant has failed to show any error, plain or otherwise, on the part of the trial court warranting reversal of his conviction.

*People v. Ward*, No. 232657, slip op. at 1-2.

Respondent contends that petitioner's claim is procedurally defaulted and not subject to habeas review. The court agrees.

Where the petitioner is prevented from seeking review in the state courts as a result of his own default, the doctrine of procedural default prevents the habeas court from entertaining a petition for writ of habeas corpus. In *Coleman v. Thompson*, 501 U.S. 722 (1991), the Supreme Court stated:

> We now make it explicit: In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged

>violation of federal law, or demonstrate that failure to consider the claim will result in a fundamental miscarriage of justice.

*Coleman*, 501 U.S. 722 at 750.

A procedural default "provides an independent and adequate state-law ground for the conviction and sentence, and thus prevents federal habeas corpus review of the defaulted claim, unless the petitioner can demonstrate cause and prejudice." *Gray v. Netherland*, 518 U.S. 152, 162 (1996). Not every state procedural rule will warrant application of the procedural default doctrine. Only a procedural rule that was " 'firmly established and regularly followed' by the time as of which it [was] to be applied," *Ford v. Georgia*, 498 U.S. 411, 424 (1991), will support application of the doctrine.

Here, the Michigan Court of Appeals found that petitioner failed to object to the trial court's statements regarding Ms. Gray. The record indicates that petitioner's counsel had sufficient time to raise objections with respect to the testimony. However, counsel appeared satisfied with the judge's explanation and continued his cross-examination to establish that Ms. Gray's testimony was influenced by her plea agreement. Trial Trans. II at 506. As reflected in the Michigan Court of Appeals opinion, there is no question that the procedural rule which requires preserving both constitutional and non-constitutional issues at the trial by contemporaneous objection was firmly established and regularly followed at the time of petitioner's appeal. *See People v. Carines*, 460 Mich. 750, 764; 597 N.W.2d 130 (1999); *People v. Grant*, 445 Mich. 535, 546-47; 520 N.W.2d 123 (1994). Even though the state court provided limited review of the issues raised, petitioner's failure to object is still considered a procedural default. *Paprocki v. Foltz*, 869 F.2d 281, 284-285 (6th Cir. 1989) (a state appellate court's limited review of an issue to prevent manifest injustice does not constitute a waiver of the procedural default).

Petitioner does not present any cause for his procedural default. Petitioner's failure to demonstrate cause prevents federal habeas review of this issue unless the court's failure to do so will result in a "fundamental miscarriage of justice." *Coleman*, 501 U.S. at 750. In *Schlup*, 513 U.S. at 321, the Supreme Court described the fundamental miscarriage of justice exception as follows:

> To ensure that the fundamental miscarriage of justice exception would remain "rare" and would only be applied in the "extraordinary case," while at the same time ensuring that the exception would extend relief to those who were truly deserving, the Court explicitly tied the miscarriage of justice exception to the petitioner's innocence.

Petitioner does not explicitly raise his actual innocence as a ground for obtaining habeas review of his procedurally defaulted claims. While petitioner testified at trial that he did not murder the victim, this testimony is insufficient to demonstrate his actual innocence to avoid the procedural default. A habeas petitioner fails to demonstrate actual innocence when such evidence was presented to the jury, but the jury chose to credit the state's evidence over that presented by petitioner. *See White v. Schotten*, 201 F.3d 743, 753-54 (6th Cir. 2000). A credible claim of actual innocence must be based on reliable evidence not presented at trial. *Calderon v. Thompson*, 523 U.S. 538, 559 (1998). Here, the jury rejected petitioner's testimony in favor of the state's evidence. Petitioner has not presented any new evidence demonstrating his actual innocence.

Accordingly, petitioner has failed to demonstrate a fundamental miscarriage of justice sufficient to obtain habeas review of his procedurally defaulted claim.

### B.  Sua sponte cautionary instruction regarding Dennis Davis

Next, petitioner contends that the court violated his due process rights when it failed to give the jury a sua sponte cautionary instruction regarding the testimony of Dennis Davis. The Michigan Court of Appeals addressed this issue as follows:

Defendant next argues that the trial court erred by failing to sua sponte instruct the jury on the issue of accomplice testimony with regard to Dennis Davis. [FN2.] We disagree. In *People v. McCoy*, 392 Mich. 231, 236; 220 NW2d 456 (1974), our Supreme Court reiterated that, because accomplice testimony is inherently suspect, a "defendant has a right to have a special cautionary instruction given to the jury concerning such testimony." This instruction takes the form of CJI2d 5.5.

Here, there was evidence to support a conclusion that Davis was an accomplice. However, the trial court is not required to sua sponte provide a cautionary instruction and such failure to instruct may be reversible error if the defendant's guilt is closely drawn. *People v. Reed*, 453 Mich. 685, 692-693; 556 NW2d 858 (1996); *McCoy*, *supra*. A defendant's guilt may be considered closely drawn if the trial is essentially a credibility contest between the defendant and the accomplice. *See People v. Jensen*, 162 Mich.App 171, 188; 412 NW2d 681 (1987). A "credibility contest" in this context is one in which, absent the accomplice's testimony, a rational trier of fact could not conclude beyond a reasonable doubt that the defendant committed the offense. *People v. Perry*, 218 Mich.App 520, 530; 554 NW2d 362 (1996).

In this case, considering the evidence adduced at trial, the issue of defendant's guilt was not closely drawn. Even without the testimony of either Gray or Davis, the purported accomplices, a rational trier of fact could find beyond a reasonable doubt that defendant committed this crime. The evidence included, but was not limited to: (1) witness testimony that someone resembling defendant was seen at the victim's house at approximately the time the victim was alleged to have been taken from his home; (2) defendant's handprint was found on the victim's home telephone; (3) defendant's friend, Loren McTheeney, testified that after defendant left to get some drugs, he returned to the house and was driving a "loud car" which he was not driving earlier and that before defendant left again, he asked McTheeney for a gas can; (4) other witnesses identified defendant driving a car similar to the one the victim owned; (5) defendant, as seen on surveillance videotape and by several witnesses, visited a gas station that morning and purchased a gas can and some gasoline; (6) two witnesses observed defendant and Gray walking in Plym Park around the time of the fire; (7) when the police seized the clothing defendant was suspected of having worn on the night of the fire, one of the sleeves on defendant's jacket was singed; and (8) a police officer testified that defendant confessed to the crime. Considering this evidence, the issue of defendant's guilt was not closely drawn. Therefore, defendant's contention that the trial court's failure to sua sponte instruct the jury on the issue of accomplice testimony is without merit.

FN2. We note that a cautionary instruction relating to accomplice testimony was read with regard to Gray.

*People v. Ward*, No. 232657, slip op. at 2-3.

A claim that a trial court gave an improper jury instruction is not cognizable on habeas review unless a petitioner shows that the erroneous instruction "so infected the entire trial that the resulting conviction violates due process." *Henderson v. Kibbe*, 431 U.S. 145, 155 (1977). *See also Estelle v. McGuire*, 502 U.S. 62, 75 (1991) (erroneous jury instructions may not serve as the basis for habeas relief unless they have "so infused the trial with unfairness as to deny due process of law"); *Sanders v. Freeman*, 221 F.3d 846, 860 (6th Cir.2000) (same). If Petitioner fails to meet this burden, he fails to show that the jury instructions as given were contrary to federal law. *Id.*

Here, the Michigan Court of Appeals concluded that an accomplice instruction was not necessary, because the issue of petitioner's guilt was not closely drawn, i.e., this was not a credibility contest between petitioner and Dennis Davis. Rather, a substantial amount of evidence, other than Dennis Davis' testimony, linked petitioner to this crime.

In *Cool v. United States*, 409 U.S. 100, 103 (1972), the Supreme Court observed that accomplice instructions have long been in use and typically "represent no more than a commonsense recognition that an accomplice may have a special interest in testifying, thus casting doubt upon his veracity." *Cool*, 409 U.S. at 103. As the Michigan Court of Appeals stated, a judge's failure to give cautionary accomplice instructions may result in error requiring reversal under Michigan state law. Such instructions, however, are not required by the federal constitution. "Although cautionary 'accomplice' instructions are preferred in the federal courts, the failure of a state court to give such an instruction does not rise to the level of a constitutional violation." *Kappos v. Hanks*, 54 F.3d 365, 367 (7th Cir. 1995) (internal citation omitted). *See also United States v. Allgood*, 45

Fed.Appx. 407, 412 (6th Cir. 2002) "[w]hile it is the preferred practice to give a cautionary instruction regarding the possible unreliability of accomplice testimony, we have not held that such an instruction is required for a jury to be 'properly cautioned'").

Accordingly, this claim is not subject to federal habeas review.

### C. Ineffective assistance of counsel

Next, petitioner contends that his counsel was ineffective for failing to request a cautionary instruction with respect to Dennis Davis' testimony. The Michigan Court of Appeals addressed this issue as follows:

> Defendant alternatively argues that, if the trial court did not err in instructing the jury on its own, his counsel was ineffective for failing to request such an instruction. We again disagree. To establish a claim of ineffective assistance of counsel, a defendant must show that counsel's performance fell below an objective standard of reasonableness and that, but for defense counsel's errors, there was a reasonable probability that the result of the proceeding would have been different. *People v. Knapp*, 244 Mich.App 361, 385; 624 NW2d 227 (2001). The defendant must also overcome the presumption that the challenged action might be considered sound trial strategy. *Id.* at 385-386. This Court will not second-guess counsel regarding matters of trial strategy and, even if defense counsel was ultimately mistaken, this Court will not assess counsel's competence with the benefit of hindsight. *People v. Rice (On Remand)*, 235 Mich.App 429, 444-445; 597 NW2d 843 (1999).
>
> Here, defendant fails to rebut the presumption that his trial counsel's actions amounted to strategy. Defendant's theory of the case was that he was not involved in the victim's death and that he had no knowledge of the crime. For defense counsel to illustrate that it was necessary to have an instruction about the unreliability of Davis' testimony, he would have had to show that Davis was an accomplice to the crime. *See McCoy, supra*. However, to do so, the jury would have had to believe, in part, defendant's confession to Officer Merrimen. Defendant vehemently denied making that confession. Therefore, we regard defense counsel's failure to request such an instruction a strategic decision. This Court will not review defendant's trial strategy with the benefit of hindsight.

*People v. Ward*, No. 232657, slip op. at 3.

In *Strickland v. Washington,* 466 U.S. 668, 687 (1984), the Supreme Court set forth a two-prong test to determine whether counsel's assistance was so defective as to require reversal of a conviction: (1) the defendant must show that counsel's performance was deficient and (2) the defendant must show that counsel's deficient performance prejudiced the defense, i.e., "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." In making this determination, the court "must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Strickland,* 466 U.S. at 690. "[T]he threshold issue is not whether [petitioner's] attorney was inadequate; rather, it is whether he was so *manifestly* ineffective that defeat was snatched from the hands of probable victory." *United States v. Morrow*, 977 F.2d 222, 229 (6th Cir. 1992) (emphasis in original). Under *Strickland*, the reviewing court's scrutiny of counsel's performance is highly deferential, and the court is to presume that counsel rendered adequate assistance and made decisions with reasonable professional judgment. *Strickland*, 466 U.S. at 689-690.

In evaluating counsel's performance, the court should be mindful that "[t]he Constitution does not guarantee every defendant a successful defense." *Moran v. Triplett*, No. 96-2174, 1998 WL 382698 at *3 (6th Cir. 1998). Rather, "[t]he Sixth Amendment entitles criminal defendants to effective assistance of counsel which means the customary skills and diligence that a reasonably competent attorney would perform under similar circumstances." *United States v. Boone*, 437 F.3d 829, 839 (8th Cir.) (internal quotes omitted), *cert. denied sub nom Washington v. United States*, 127 S. Ct. 172 (2006).

Here, the issue is whether a reasonably competent attorney would have requested a cautionary accomplice instruction. As the Michigan Court of Appeals pointed out, counsel had a

13

strategic reason not to request the accomplice instruction. Officer Merriman gave extensive trial testimony regarding petitioner's confession, in which petitioner described how he, Ms. Gray and Dennis Davis robbed and murdered the victim. Trial Trans. II at 570-79. At trial, petitioner denied making the incriminating statements to Officer Merriman and further denied any involvement with the victim's murder. Trial Trans. III at 639, 644. Given petitioner's decision to testify, his denial of any involvement in the murder, and his denial that he made statements to Officer Merriman characterizing Dennis Davis as an accomplice, it would be reasonable for counsel not to request an accomplice instruction. Such a request would tend to validate Officer Merriman's testimony and detract from petitioner's testimony that he did not commit the crime.

Furthermore, petitioner was not prejudiced by the failure to give a cautionary accomplice instruction. The trial court's jury instructions pointed out that both Melissa Gray and Dennis Davis made previous statements "that did not wholly agree" with the trial testimony, and instructed the jury that they "may use the statements to help you decide whether you think Melissa Gray and Dennis Davis were telling the -- were truthful witnesses." Trial Trans. III at 712-13. The judge instructed the jury to use "common sense" and "everyday experience" in deciding which testimony to believe. *Id.* at 713. The judge also instructed the jury to think about whether a witness had "any bias, prejudice, or personal interest in how this case is decided," whether "any promises or other influences" affected the witness' testimony, and whether the witness has "any special reason to tell the truth or any special reason to lie." *Id.* at 713-14. These instructions advised the jury of the need to carefully consider Dennis Davis' credibility.

The Michigan Court of Appeals' resolution of this issue was neither contrary to, or an unreasonable application of, clearly established Federal law as determined by the Supreme Court;

14

nor was the decision based on an unreasonable determination of the facts in light of the evidence presented. 28 U.S.C. § 2254(d). Accordingly, petitioner is not entitled to habeas relief on this claim.

### D.    Inflammatory photographs

Finally, petitioner contends that the trial court violated his federal due process rights when it admitted two photographs depicting the burned and charred body of the victim in the trunk of his burned vehicle. The Michigan Court of Appeals determined that the trial court properly denied petitioner's motion to exclude these crime scene photographs. *People v. Ward*, No. 232657, slip op. at 3-4. Petitioner's claim that the trial court improperly admitted gruesome photographs of the victim is not cognizable on habeas review. *See Cooey v. Coyle*, 289 F.3d 882, 893-94 (6th Cir. 2002), *citing Gerlaugh v. Stewart*, 129 F.3d 1027, 1032 (9th Cir. 1997) (holding that erroneous admission of gruesome photo of decedent did not raise "the spectre of fundamental fairness such as to violate federal due process of law"). Accordingly, this claim should be denied.

### IV.    Conclusion

I respectfully recommend that Mr. Ward's habeas petition be dismissed. Rule 8, Rules Governing § 2254 Cases in the United States District Courts.


Dated:  June 11, 2007                                           /s/ Hugh W. Brenneman, Jr.
                                                                Hugh W. Brenneman, Jr.
                                                                United States Magistrate Judge

ANY OBJECTIONS to this Amended Report and Recommendation must be served and filed with the Clerk of the Court within ten (10) days after service of the report. All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).