UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROGER DALE WARD,

        Plaintiff,

                                Case No. 1:04-cv-364

v.

                                Hon. Wendell A. Miles

KENNETH MCKEE,

        Defendants.
_____/

OPINION AND ORDER APPROVING MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION

        This matter is before the court on Petitioner Roger Dale Ward's Objection to United States Magistrate Judge Hugh W. Brenneman, Jr.'s Report and Recommendation (R&R) of June 11, 2007, which recommended Petitioner's petition for writ of habeas corpus be denied because the grounds he raises for habeas relief are procedurally defaulted or without merit. Petitioner has filed objections to the R&R. For the reasons that follow, the court overrules Petitioner's objections and adopts the magistrate judge's report and recommendation.

        This court is required to make a de novo review upon the record of those portions of the R&R to which specific objections have been made. 28 U.S.C. § 636(b)(1)(B). The court may accept, reject or modify any or all of the magistrate judge's findings or recommendations. Id.

        Petitioner raised four claims in his petition for habeas relief: (1) denial of due process when trial court unfairly bolstered the credibility of witness Gray, (2) denial of due process when the trial court failed to give a sua sponte cautionary instruction regarding the testimony of Dennis Davis, (3) ineffective assistance of trial counsel for failing to request a cautionary

instruction with respect to Dennis Davis's testimony, and (4) denial of due process when trial court admitted photograph of burned and charred body of victim in the trunk of his vehicle.  The magistrate judge concluded that claims 2-4 had no merit, and claim 1 was procedurally defaulted.  Petitioner objects to the magistrate judge's conclusions with regard to claims 1 and 2.

At Petitioner's trial, the prosecution contended that Petitioner robbed the victim and put him into the trunk of his own car.  Petitioner later returned with accomplice Melissa Gray, drove the car to a golf course and set the car on fire, which resulted in the victim's death.  Ms. Gray pleaded guilty to second-degree murder, and testified against Petitioner at his trial.  Petitioner was convicted of first-degree murder and felony murder, and sentenced to life in prison as a fourth habitual offender.

Claim 1

Petitioner claims that the trial court unfairly bolstered the credibility of Ms. Gray by stating that her plea agreement was made in exchange for her truthful testimony.  Defense counsel did not object.  The magistrate judge concluded that the claim was procedurally defaulted.  When a state-law default prevents further state consideration of a federal issue, the federal courts ordinarily are precluded from considering that issue on habeas corpus review.  See Ylst v. Nunnemaker, 501 U.S. 797, 801 (1991); Engle v. Isaac, 456 U.S. 107 (1982).  If a petitioner procedurally defaulted his federal claim in state court, the petitioner must demonstrate either: (1) cause for his failure to comply with the state procedural rule and actual prejudice flowing from the violation of federal law alleged in his claim, or (2) that a lack of federal habeas review of the claim will result in a fundamental miscarriage of justice.  See House v. Bell, 126 S. Ct. 2064, 2076 (2006); Murray v. Carrier, 477 U.S. 478, 495 (1986); Hicks v. Straub, 377 F.3d 538, 551-52

(6th Cir. 2004), *cert. denied*, 544 U.S. 928 (2005).  The miscarriage-of-justice exception only can be met in an "extraordinary" case where a prisoner asserts a claim of actual innocence based upon new reliable evidence.  House, 126 S. Ct. at 2076-77.  Because Petitioner does not contend that new evidence demonstrates that he is actually innocent, he must establish cause for his failure to comply with the state procedural rule.   Where a petitioner fails to show cause, the court need not consider whether he has established prejudice.  See Engle**,** 456 U.S. at 134 n.43.

Petitioner argues that the record shows good cause for his default considering "trial counsel's negligence" and that Petitioner was "treated as non compos-mantia, under color of law/public policy under a seditious parens patriae, doctrine." (Petitioner's objections, docket #29, p. 2, ¶ 2).  First, to serve as cause to excuse the default, a claim of ineffective assistance of counsel must be properly exhausted.  Edwards v. Carpenter, 529 U.S. 446, 453 (2000); Buell v. Mitchell,  274 F.3d 337, 349 (6th Cir. 2001) ; Coleman v. Mitchell, 244 F.3d 533, 538 (6th Cir.), cert. denied, 122 S. Ct. 405 (2001).  As Petitioner did not raise the ineffective assistance claim in the state courts with regard to Ms. Gray's testimony, he may not excuse his default on this basis.  Second, Petitioner's treatment as "non compos-mantia," is insufficient to establish cause to excuse his procedural default. See Bonilla v. Hurley, 370 F.3d 494, 498 (6th Cir. 2004) (petitioner's pro se status, ignorance of the law and procedural requirements, limited time to access prison library, and unfamiliarity with the English language, failed to establish cause to excuse his procedural default); Hannah v. Conley, 49 F.3d 1193, 1197 (6th Cir. 1995) ("a petitioner's pro se status and ignorance of his rights do not constitute cause").  Here, Petitioner failed to present any evidence showing how his alleged treatment prevented him from avoiding default.  Moreover, the court notes that although Petitioner was represented by counsel in the state

3

appeals process, he managed in the Michigan Court of Appeals to successfully raise a pro se issue and submit a supporting brief. Thus, the court agrees with the conclusion of the magistrate judge: as a result of Petitioner's unexcused procedural default, this claim for relief may not be considered on federal habeas corpus review.

Claim 2

Petitioner claimed that he was denied due process when the trial court failed to give a sua sponte cautionary instruction on the unreliability of accomplice testimony with regard to Dennis Davis, a purported accomplice. The magistrate judge found that the claim lacked merit. A claim that a trial court failed to give a jury instruction is not cognizable on federal habeas review unless the omission "so infected the entire trial that the resulting conviction violates due process." Henderson v. Kibbe, 431 U.S. 145, 156-57 (1977) (citing Cupp v. Naughten, 414 U.S. 141, 147 (1973)). Accordingly, federal courts grant the writ based on errors in state jury instructions only in extraordinary cases. Lewis v. Jeffers, 497 U.S. 764, 780 (1990). Petitioner has not shown that the failure to instruct the jury on accomplice testimony with regard to Davis's testimony infected the entire trial. The trial court did give a cautionary instruction regarding accomplice testimony with respect to Ms. Gray's testimony. This instruction adequately alerted the jury regarding the reliability or credibility of accomplice testimony. Petitioner's argument that Officer Merriman's false testimony tainted the jury verdict is irrelevant to the issue of proper jury instructions regarding accomplice testimony. The court also notes that Petitioner made no claim with respect to Officer Merriman in the state courts.

Claims 3 and 4

Petitioner also "challenges all conclusions in the instant . . . report and recommendation as

4

based on erroneous color, of law/policy . . . ." This generic objection, without further discussion, does not persuade the court that the magistrate judge incorrectly found that claims 3 and 4 lacked merit.

## Conclusion

The court, having reviewed the Magistrate Judge's report and recommendation, the relevant portions of the case file, and Petitioner's objections and supporting documents, finds that the Magistrate Judge has made a thorough and accurate review of all appealable issues and agrees with the reasoning and recommended disposition contained in the Report and Recommendation.

Accordingly, the court OVERRULES the Petitioner's objections (docket #29), ADOPTS the Magistrate Judge's Report and Recommendation (docket. #29), and DISMISSES the Petition for Writ of Habeas Corpus (docket. #1).

So ordered this 13th day of September, 2007.

      /s/ Wendell A. Miles
      Wendell A. Miles
      Senior U.S. District Judge